UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN DANIEL QUINATOA-GUACHAMIN,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-04823 DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Cristian Daniel Quinatoa-Guachamin, a native of Ecuador, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's re-detention by immigration authorities. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

## I. BACKGROUND

Petitioner entered the United States in October 2022. (ECF No. 1 at 3; ECF No. 16 at 36.) He was initially detained by immigration authorities, released, and permitted to reside in the United States with release conditions for approximately 3.5 years. (Id.) Petitioner has complied

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

with his release conditions, which respondents do not dispute. (ECF No. 1 at 3; see ECF No. 16.) In September 2023, petitioner applied for asylum and withholding of removal. (ECF No. 16 at 36.) On March 10, 2026, petitioner reported for an asylum interview and was re-detained by immigration authorities. (See ECF No. 1 at 1; ECF No. 16 at 13, 36-37.)

Petitioner was initially detained at an immigration facility in Elizabeth, New Jersey. (ECF No. 16 at 9.) On March 17, 2026, petitioner filed a petition for writ of habeas corpus in the Eastern District of New York, which was subsequently transferred at petitioner's request to the District of New Jersey on April 6, 2026. (See ECF No. 16 at 1, 20, 23, 27-28; ECF No. 17 at 2; Quinatoa-Guachamin v. Warden of the Elizabeth Contract Detention Facility, No. 2:26-cv-2854-SHD (D. Ariz.) ("Quinatoa-Guachamin I").) On March 26, 2026, a custody redetermination was held and the immigration judge in New Jersey denied petitioner's release based on lack of jurisdiction under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), and alternatively, where petitioner did not prove he is not a danger or flight risk. (ECF No. 16 at 41-42; see ECF No. 1 at 2, 4.)[2]

Petitioner was then transferred to an immigration detention facility in Arizona. (ECF No. 1 at 4.) On April 24, 2026, the District of New Jersey district court granted petitioner's motion to transfer venue to the District of Arizona. (ECF No. 16 at 32.) On May 7, 2026, another custody redetermination was held and the immigration judge in Arizona denied petitioner's release based on lack of jurisdiction and alternatively, where petitioner did not prove he is not a danger or flight risk. (ECF No. 16 at 44-45; see ECF No. 1 at 2, 4.)

Petitioner was then transferred to an immigration detention facility in California City, California. On June 22, 2026, petitioner filed the instant habeas action and motion for a temporary restraining order in the Eastern District of California. (ECF Nos. 1 and 2, "Quinatoa-Guachamin II".) On June 23, 2026, the district court denied petitioner's motion not to transfer petitioner out of the Eastern District of California "because there is no basis for the relief sought;

[2] Though Respondents refer to criminal history for charges for petit larceny and possession of stolen property, these charges were dismissed and therefore are not considered. (See ECF No. 16 at 2.)

this court retains jurisdiction over Petitioner's Habeas Petition notwithstanding his transfer to a detention facility outside of this district." (ECF No. 10 (citing Garcia-Ayala v. Andrews, No. 2:25-cv-02070-DJC-JDP, 2025 WL 2578167, at *3 (E.D. Cal. Sept. 5, 2025) (explaining that "the Court does not lose jurisdiction over [Petitioner's] pending habeas petition if Petitioner is transferred to another jurisdiction").) On June 26, 2026, this Court set a merits briefing schedule. (ECF No. 15.)

On May 20, 2026, the immigration judge orally denied petitioner's applications for relief from removal. (ECF No. 1 at 2, 4.) Petitioner has appealed the immigration judge's merits decision to the Board of Immigration Appeals ("BIA"). (See ECF No. 1 at 2; ECF No. 19 at 2.)

On July 2, 2026, respondents filed a motion to dismiss and an opposition to the petition. (ECF No. 16.) Respondents argued that Quinatoa-Guachamin II should be dismissed under the first to file doctrine and as successive, and argued that petitioner was mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2) as an "applicant for admission." (See id. at 2-5.) Respondents alternatively requested that proceedings be stayed pending the outcome in the District of Arizona petition. (See id. at 6.) On July 15, 2026, petitioner filed his opposition to the motion to dismiss. (ECF No. 17.) Petitioner filed notices of supplemental authority and developments. (ECF Nos. 18, 19.) Respondents did not file a reply. (See Docket.) Briefing is complete.

Petitioner has reported that the District of Arizona proceedings have concluded, with the district court granting petitioner's amended petition on July 23, 2026 and petitioner receiving a custody redetermination hearing on September 11, 2026. (ECF No. 18 at 3; ECF No. 19 at 1-2.)

**II. LEGAL STANDARDS**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises the following claims in his petition: violation of his Fifth Amendment due process rights (claim one and two), "unlawful continued detention" (claim three), and a claim seeking declaratory and injunctive relief (claim four). (ECF No. 1.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that Quinatoa-Guachamin II should be dismissed under the first to file doctrine and as successive. (See ECF No. 16 at 2-5.)

Respondents alternatively request that proceedings in this district be stayed pending the resolution of the District of Arizona petition. (See id. at 5-6.) Petitioner has reported that the District of Arizona proceedings have concluded, with the district court granting petitioner's amended petition on July 23, 2026 and petitioner receiving a custody redetermination hearing on September 11, 2026. (ECF No. 18 at 3; ECF No. 19 at 1-2.) Because the District of Arizona proceedings have concluded, respondents' alternative request that the instant petition not be decided until after the District of Arizona proceedings have concluded is granted. The Court

therefore declines to reach respondents' arguments to dismiss the instant petition given the change in Ninth Circuit law after Quinatoa-Guachamin I was decided and after the merits briefing for this petition concluded, though the Court recognizes that petitioner's explanation for why he filed this second petition while his first petition was pending in the District of Arizona is problematic.

The Court turns to respondents' argument that petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2) as an "applicant for admission." (See ECF No. 16 at 5.) On July 30, 2026, after the District of Arizona decided Quinatoa-Guachamin I and after the instant petition in Quinatoa-Guachamin II was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores

v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). Therefore, petitioner was detained pursuant to § 1226(a), respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Section 1226(a) provides for an initial bond hearing before a neutral decisionmaker. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Therefore, "[i]f the noncitizen is detained under 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 815 F. Supp. 3d 1113, 1119 (E.D. Cal. 2025) (citing Jennings, 583 U.S. at 306). Here, petitioner has received three custody redetermination hearings before an immigration judge in New Jersey on March 26, 2026, in Arizona on May 7, 2026, and most recently, on September 11, 2026 in response to the District of Arizona's grant of petitioner's first habeas petition. Based on the record before the Court, because petitioner received the process due under 8 U.S.C. § 1226(a), the petition should be denied.

To the extent petitioner seeks to challenge his most recent September 2026 custody hearing, that must be done by appealing the immigration judge's order to the Board of Immigration Appeals. 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of

the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available."). Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies to the extent petitioner is challenging his prior bond hearings.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondents' request that the instant petition not be decided until after the District of Arizona proceedings have concluded is granted.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be denied.
2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/quin.4823.26.frs